J. P. CAMPBELL, *Appellant,* v. EDWIN N. MAULL, *Appellee.*

Opinion Filed February 3, 1915.

Even though the terms of a contract for the sale of patent rights may be regarded as reasonable and proper for the protection of the purchaser and not violative of public policy, yet if no breach warranting an injunction and accounting is shown, such equitable relief is properly denied.

Appeal from Circuit Court for Duval County; Geo. Couper Gibbs, Judge.

Decree affirmed.

*Marks, Marks & Holt,* for Appellant;

*F. M. Durrance,* for Appellee.

WHITFIELD, J.—On a bill of complaint alleging the breach of a contract not to manufacture, sell, deal in or handle fruit packing house equipment or machinery for a period of five years, a temporary restraining order was granted. Subsequently the order was dissolved and a demurrer to the bill of complaint was sustained. The complainant appealed.

The contract provides for the sale to J. P. Campbell, a manufacturer, for stated considerations, certain machinery, certain patents and "patentable ideas," relating to certain "packing house machinery and equipment." The contract also provided that Maull "will not directly, indirectly, solely or jointly, as principal, agent, manager, or otherwise, be concerned or interested in the manufacture, sale, or otherwise dealing in or handling of fruit packing house equipment or machinery, nor permit my

name to be used in connection with such business for a period of five (5) years." It is alleged that Maull has violated the contract "by building, constructing, repairing or otherwise working upon a drier and sizer in" a stated packing house; and "by building * certain other fruit packing house equipment or machinery" at a stated packing house "* and in furnishing or supplying for the operation of said machinery a certain gasoline engine" and by disposing of a "fruit packing house equipment or machinery or part thereof," in violation of a provision of the contract under which the same was sold to Maull by Campbell.

Assuming that the terms of the contract made by Maull in connection with the sale of patent rights and machinery are reasonable and proper for the protection of the purchaser and are not violative of public rights so as to be contrary to state policy, the allegations do not show such breaches of the contract as to justify relief in equity by injunction and accounting. Should the contract be so construed as to make the alleged breaches in fact violations of the contract, public policy may be contravened, since the acts alleged refer to personal labor and have no necessary relation to violations of the contract that is taken to be designed merely for proper protection of the use of patent rights and "patentable ideas" covered by the contract of sale to J. P. Campbell, the manufacturer. The alleged breach in the sale of machinery that was sold to Maull by Campbell does not call for equitable relief.

Decree affirmed.

Taylor, C. J., and Shackleford, Cockrell and Ellis, JJ., concur.